## MARK WOODWARD *vs.* MICHAEL PICKETT.

A conveyance of land in fee, taking back a bond to reconvey upon repayment of the consideration money, and to permit the obligee meanwhile to occupy, paying rent equal to interest on that sum, is a mortgage.

A mortgagee who is not in actual possession, and has not entered for foreclosure, cannot maintain trespass against a railroad corporation owning the equity of redemption for cutting grass on land within the location of their railroad.

ACTION OF TORT for breaking and entering the plaintiff's close and cutting and carrying away grass there growing. The parties submitted to the decision of the court the following case :

On the 30th of April 1844 the close in question, being then owned by Artemas H. Washburn, and subject to a mortgage from Susanna Mattoon, a former owner thereof, to Philip Hall and others, trustees, was conveyed by said Washburn to said Hall and others in fee, in consideration of $700, taking back a bond to reconvey the land to him upon repayment of that sum, and meanwhile to lease the land to him at an annual rent of $42 ; and this bond has been since assigned to the plaintiff.

On the 11th of November 1848 Washburn conveyed to the Vermont and Massachusetts Railroad Company a strip of land

52 *

across the close in question and within the location of their railroad, and the company sold the grass growing thereon to the defendant, and he entered and, notwithstanding the plaintiff's prohibition, cut grass to the value of three dollars, within the fences built by the company on each side of the railroad.  There was no evidence that the plaintiff was in possession at the time of the alleged trespass, except that he was in possession of the lot on each side of the track.

*A. Brainard*, for the plaintiff.

*C. Allen*, for the defendant.

Bigelow, J.   The conveyance by Washburn to Hall and others, trustees, dated April 30th 1844, and the bond from said Hall and others to Washburn, of the same date, by which they agreed to reconvey the same estate to Washburn on the payment of $700 in seven years, were parts of one and the same transaction, and constituted a mortgage.   *Taylor* v. *Weld*, 5 Mass. 109.   *Lanfair* v. *Lanfair*, 18 Pick. 299.   *Nugent* v. *Riley*, 1 Met. 117.   It does not alter the nature of this transaction, that Hall and others, trustees, held a previous mortgage on the same premises, from Susanna Mattoon, a former owner of the estate.   The only effect of this prior mortgage was to make the conveyance of April 30th 1844, in connection with the bond, a second mortgage.   Washburn was therefore owner of the equity of redemption, and by his deed of a portion of the estate to the Vermont and Massachusetts Railroad Company conveyed the right to redeem that part to the corporation.   The facts show no foreclosure of either of the mortgages, nor any entry on the *locus in quo* for the purpose of foreclosure by the mortgagees.   The corporation were therefore in the actual possession of the premises as owners of the equity, and had a right to the annual crop, and to authorize the defendant to take it.   For this taking it is clear that the mortgagee, the present plaintiff, cannot maintain trespass.   *Page* v. *Robinson*, 10 Cush. 99.

*Judgment for the defendant.*